IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON J. GRIMM,

        Petitioner,

v.

MARK NOOTH,

        Respondent.

Civil No. 2:14-cv-00392-BR

OPINION AND ORDER

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
NICK M. KALLSTROM
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus (#2).

## BACKGROUND

On June 26, 2000, Petitioner was convicted in Multnomah County for Arson in the First Degree. The trial judge determined Petitioner was a Dangerous Offender under Oregon statutes and imposed an indeterminate sentence of 30 years of imprisonment (with a 48-month determinate term), subject to review and modification by the Oregon Board of Parole and Post-Prison Supervision (the "Board").

Petitioner was released to post-prison supervision in 2007, and re-incarcerated in 2008 upon violating the conditions of his post-prison supervision release. After the revocation of his post-prison supervision release, the Board appointed psychologists to evaluate Petitioner. A psychologist who evaluated Petitioner in 2008 found he had a severe antisocial personality disorder and was not amenable to community-based supervision. Petitioner was evaluated again in 2009. The psychologist who conducted the 2009 evaluation diagnosed Petitioner with an antisocial personality disorder and a history of attention deficit hyperactivity

disorder, and concluded Petitioner would remain a danger to the community if released.

On January 6, 2010, the Board issued an Order deferring Petitioner's parole consideration date for 48 months. Resp. Exh. 103, pp. 161-63. The Board based its decision upon a finding that

> [T]he [Petitioner] has a mental or emotional disturbance, deficiency, condition, or disorder predisposing [Petitioner] to the commission of any crime to a degree rendering [Petitioner] a danger to the health or safety of others; therefore, the condition which made [Petitioner] dangerous is not in remission and [Petitioner] does continue to remain a danger.

Resp. Exh. 103, p. 162.

Petitioner sought administrative review, arguing that the Board denied parole "solely upon my mental or emotional disturbance" and that the denial violated the Americans with Disabilities Act ("ADA"). Resp. Exh. 103, p. 166. The Board denied relief, explaining part:

> [T]he Board finds your allegation contains a mistaken premise: the Board's finding was that your mental or emotional disturbance, deficiency, condition, or disorder predisposes you to the commission of any crime to a degree rendering you a danger to the health or safety of others. The deferral of your parole consideration date was based on your dangerousness, not on your condition or disorder.

Resp. Exh. 103, pp. 180-81.

Petitioner then sought judicial review before the Oregon Court of Appeals. Resp. Exh. 102. Petitioner asserted that the Board's order deferring his parole consideration date violated

3 - OPINION AND ORDER -

both state law and the ADA "[b]ecause an equally dangerous yet non-disabled offender would be released on parole while petitioner would not be released because of his disabling mental illness[.]" Resp. Exh. 104, p. 28. In a written opinion, the Oregon Court of Appeals rejected Petitioner's discrimination claim under state law and the ADA, explaining as follows:

> We briefly turn to petitioner's argument that deferring parole consideration based on a disability violates his rights under the Americans with Disabilities Act (ADA), 42 USC sections 12101 to 12213, and ORS 659A.142(5)(1), both of which make it unlawful for government programs to discriminate against a person on the basis of disability. In the present proceeding, the board rejected petitioner's contentions, indicating that its "deferral of [petitioner's] parole consideration date was based on [his] dangerousness, not on [his] condition or disorder." That reasoning is consistent with our conclusion in *McCline v. Board of Parole*, 205 Or. App. 144, 148, 133 P.3d 349, *rev. den.*, 342 Or. 46, 148 P.3d 915 (2006), that the board's deferral of parole release based on a finding that an inmate had a severe emotional disturbance and that he posed a threat to the health or safety of the community did not violate the Rehabilitation Act of 1973, because it was based on both his "severe emotional disturbance *and* his dangerousness." (Emphasis in original.) Petitioner points to nothing in either the ADA, ORS 659A.142, or case interpreting those statutes, that would suggest that the board is obliged to release a dangerous inmate into the community simply because the dangerousness is related to, or the result of, a disability.

*Grimm v. Board of Parole and Post-Prison Supervision*, 258 Or. App. 595, 596-98, 310 P.3d 736 (2013) (footnote omitted). Petitioner filed a petition for review with the Oregon Supreme Court, which was denied. *Grimm v. Board of Parole and Post-Prison Supervision*, 354 Or. 699 319 P.3d 696 (2014).

4 - OPINION AND ORDER -

On March 14, 2014, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court. Petitioner alleges two grounds for relief:

> **Ground One:** The Board violated a dangerous offender's rights under the ADA and ORS 659A.142(5)(a) by deferring parole consideration on the grounds that petitioner suffers from "a mental or emotional disturbance, deficiency, condition, or disorder predisposing him to the commission of any crime to a degree rendering him a danger to the health and safety of others," the board has effectively denied petitioner the right to a government program (parole) and discriminated against him based on a mental disability.
>
> **Ground Two:** No Police reports found to support the violation that petitioner received.

Respondent argues the state court decision denying relief on the claim alleged in Ground One is entitled to deference, and that Petitioner procedurally defaulted the claim alleged in Ground Two. In his counseled Brief in Support of Petition for Writ of Habeas Corpus, Petitioner addresses only the claim alleged in Ground One.

## DISCUSSION

### I. Ground One - Alleged ADA Violation[1]

If a state court has ruled on the merits of a claim, a federal court may not grant habeas corpus relief under § 2254

---

[1] To the extent Petitioner's Ground One also alleges the Board violated state law, such a claim is not cognizable in a federal habeas corpus proceeding under § 2254. See *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law"); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002("[a] state court has the last work on the interpretation of state law").

5 - OPINION AND ORDER -

unless the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 785-86 (2011). When applying these standards, the federal court should review the "last reasoned decision" by a state court that addressed the issue. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

Title II of the ADA prohibits a public entity from discriminating against a qualified individual on the basis of disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), *cert. denied*, 538 U.S. 921 (2003). The ADA applies to state prisons and parole decisions. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208-13 (1998); *Thompson*, 295 F.3d. at 896-99.

The ADA does not, however, "categorically bar a state parole board from making an individualized assessment of the future dangerousness of an inmate by taking into account the inmate's disability." *Thompson*, 295 F.3d at 898 n. 4. Thus, a "person's disability that leads one to a propensity to commit crime may certainly be relevant in assessing whether the individual is qualified for parole." *Id.* Accordingly, this Court has held that

6 - OPINION AND ORDER -

the denial of parole on grounds identical to those identified by Petitioner does not violate the ADA. See, e.g., *Roberts v. Nooth*, 2012 WL 5036475 at *3 (D. Or., Oct. 17, 2012); *Cheever v. Nooth*, 2012 WL 1114306 at *3-4 (D. Or. Feb. 1, 2012), *findings and recommendation adopted by* 2012 WL 1114117 (D. Or., April 3, 2012).

The Board denied parole because Petitioner's "mental or emotional disturbance, deficiency, condition, or disorder predisposes [him] to the commission of any crime to a degree rendering [him] a danger to the health or safety of others." Exh. 103, p. 162. As the Oregon Court of Appeals correctly noted, the Board did not deny Petitioner's parole based on his mental disability *per se*, but instead based on a conclusion that the mental disability renders him a danger to the community. The Board reached this conclusion based upon the 2009 psychological evaluation, which was permissible under the ADA. See *Thompson*, 295 F.3d at 898, n. 4 ("[a] person's disability that leads one to a propensity to commit crime may certainly be relevant in assessing whether that individual is qualified for parole").

The Oregon courts' rejection of Petitioner's ADA claim was not contrary to or an unreasonable application of clearly established federal law. Accordingly, Petitioner is not entitled to habeas corpus relief under § 2254 on the claim alleged in Ground One.

7 - OPINION AND ORDER -

## II.   Ground Two - Alleged Lack of Police Reports

As noted, Petitioner does not address the claim alleged in Ground Two in his Brief in Support.  A petitioner seeking federal habeas relief bears the burden of showing the court he is entitled to relief.  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), cert. dismissed 545 U.S. 1165 (2005).  Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

The Court has reviewed the record and finds Petitioner has not met his burden of showing he is entitled to relief on the claim alleged in Ground Two which is not argued in his memorandum.  The Court's review of the state proceedings confirms that Petitioner procedurally defaulted this claim, and the Court finds no evidence of cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus (#2) and DISMISSES this action.

8 - OPINION AND ORDER -

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 7th day of April, 2015.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　ANNA J. BROWN
　　　　　　　　　　　　　　　　　　United States District Judge

9 - OPINION AND ORDER -